JUSTICE WARNER
dissents.
¶57 I dissent. I agree with the Court that it would have been better to grant Derbyshire’s motion to exclude the fact that he was on probation. Derbyshire made no challenge to the search of his person or his residence, and the State had ample evidence that he lived alone. Thus, the fact that it was probation officers who authorized and conducted the search did not tend to prove that a fact of consequence was more or less probable. Thus, the “probation” designation is irrelevant. M. R. Evid. 401. However, any error was clearly harmless.
¶58 Citing Peploui and VanKirk, the Court notes at ¶ 47 that the *134 erroneous admission of evidence is harmless if the State demonstrates that the quality of the tainted evidence does not raise the reasonable possibility that such evidence contributed to the defendant’s conviction. VanKirk was decided in 2001. In later cases, the Court has specifically considered the strength of the evidence against the defendant, as well as the prejudicial effect of the testimony and whether a cautionary jury instruction could cure any prejudice, in making its determination whether a particular error was harmless. State v. Long, 2005 MT 130, ¶ 24, 327 Mont. 238, 113 P.3d 290; State v. White, 2008 MT 129, ¶ 15, 343 Mont. 66, 184 P.3d 1008. In this case, the Court should, but does not, consider that the evidence against Derbyshire is truly overwhelming. See White, ¶ 15. This, in my opinion, is where the Court goes astray.
¶59 The charge is criminal possession of drugs with the intent to distribute. As was noted by the District Court, the allegations are straightforward. There was a probation search. A digital scale and 639.46 grams of marijuana were found on Derbyshire’s person and in his home. Derbyshire made admissions to the officers that he was in possession of the marijuana. There was no evidence indicating that the marijuana was for Derbyshire’s personal use.
¶60 Prior to trial, Derbyshire advised the District Court that what he wanted was a plea bargain, but the State’s offer was for too much prison time. So, no agreement had been reached and he decided to go to trial.
¶61 At the beginning of his opening statement the prosecutor told the jury that Derbyshire was on probation and immediately commanded the jury not to take this fact into account in determining his guilt. Then, four witnesses testified that Derbyshire had possession of a digital scale, marijuana on his person and a large supply of marijuana in his residence where he lived alone. Derbyshire waived his opportunity to make an opening statement and presented no witnesses. The District Court twice instructed the jury that it was not to consider the fact that he was on probation.
¶62 The State’s evidence was simple, straightforward, and clearly showed Derbyshire was guilty as charged. In his closing argument, defense counsel admitted to the jury that none of the evidence was controverted and that the State had proven that Derbyshire was in possession of at least 60 grams of marijuana. The only defense argument offered was that since all of the evidence seized had not been tested by the state crime laboratory, the State had not proved that it I was all marijuana, and thus asked for a misdemeanor conviction. I *135 However, all of the leafy plant material in evidence, part of which was admittedly marijuana, was before the jury to look at, smell and compare with that part of the evidence which had been tested. In short, the jury was presented with unassailable evidence that Derbyshire had been caught red-handed in possession of a very large amount of contraband, he admitted such possession, he had a scale to weigh it for sale, there was no evidence that the marijuana was for his personal use, and he presented no viable argument that he was not guilty as charged.
¶63 I conclude that considering the overwhelming evidence of guilt, along with the admonition of the prosecutor and the cautionary instructions of the District Court, there is no reasonable possibility that the admission of the irrelevant fact that Derbyshire was on probation had anything at all to do with his conviction. I dissent.